IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY MAURICE COTTLE,

   *Petitioner*,

v.

UNITED STATES OF AMERICA,

   *Respondent*.

Crim. No. ELH-12-660
Related Case:
Civil No. ELH-14-2011

**MEMORANDUM OPINION**

Anthony Maurice Cottle has filed a petition under 28 U.S.C. § 2255, seeking to vacate his conviction and sentence under Count One of the Indictment, charging Sexual Exploitation of a Minor for the Purpose of Producing Child Pornography, in violation of 18 U.S.C. § 2251(a). ECF 41 (the "Petition") at 4.[1] The United States has filed an opposition, seeking dismissal of petitioner's claims as procedurally defaulted or, in the alternative, denial on the merits. ECF 43 (the "Opposition"). Cottle has replied. ECF 45 (the "Reply").

The Petition has been fully briefed, and no hearing is necessary to resolve it. *See* Local Rule 105.6. For the reasons that follow, I will dismiss the Petition.

**I. Factual Background**

On December 19, 2012, Cottle was indicted on two counts of Sexual Exploitation of a Minor for the Purpose of Producing Pornography, under 18 U.S.C. § 2251(a)[2] (Counts One and

---

[1] The Petition is titled "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person In Federal Custody." The body of the Petition makes clear that Cottle challenges both the conviction and the sentence. However, Cottle does not seek collateral review of his conviction as to Count Three for Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

[2] Section 2251(a) of 18 U.S.C. provides: "Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to

Two), and one count of Possession of Child Pornography, under 18 U.S.C. § 2252A(a)(5)(B) (Count Three).³ ECF 1. Pursuant to a plea agreement, Cottle pled guilty to Counts One and Three on May 8, 2013. ECF 17, Plea Agreement dated April 11, 2013. Thereafter, on July 18, 2013, this Court sentenced Cottle to 195 months' imprisonment on Count One and to a concurrent sentence of 120 months' imprisonment on Count Three. ECF 39, Judgment. I also ordered Cottle's federal sentence to run concurrent to a sentence imposed in State court on a related case.⁴ *Id.* Cottle did not appeal his federal case, and his right to appeal expired on August 5, 2013. *See* Fed. R. App. P. 4(b)(1)(A).

Cottle now seeks to vacate his conviction and sentence with regard to Count One, and asks that he be resentenced for a conviction as to Count Three, only. ECF 41 at 4, Petition.

---

engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed."

³ Section 2252A(a)(5)(B) of 18 U.S.C. states: "(a) Any person who-- . . .

* * *

(B) knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer[.]"

⁴ Cottle had pled guilty in the Circuit Court for Baltimore County to sexual abuse of a minor and on June 24, 2013, he was sentenced to 20 years' imprisonment in that parallel state case, with all but 15 years suspended. ECF 43 at 2, Opposition.

According to Cottle, his conviction under Count One is unconstitutional because his conduct involved only "local production of child pornography," ECF 41 at 2, and Congress lacks the power to criminalize such conduct under the Commerce Clause. *Id.* at 3. He asserts, *id.* at 9: "There is no evidence that the framers intended the Commerce Clause to allow the Federal government to criminalize intrastate noneconomic activity." Further, Cottle argues that Congress lacks this power in his specific case, stating, *id.* at 4: "The more narrow question presented here is whether 18 U.S.C. § 2251(a) can constitutionally be applied to the defendant's case."

In its Opposition, the government argues that Cottle has procedurally defaulted on his claim and thus he is barred from raising it on collateral attack. ECF 43 at 3. Further, the government argues that, even if these claims are not procedurally barred, they fail on the merits because it is well settled that Congress may regulate the intrastate production of child pornography. *Id.* at 5.

In his Reply, Cottle maintains that his claim is not subject to procedural default. ECF 45 at 3. He argues that because Congress lacks the power to regulate his intrastate activities, this Court had no jurisdiction to impose the judgment. *Id.*[5] According to Cottle, his "waiver of appeals rights does not affect the courts [sic] subject matter jurisdiction[.]" *Id.* at 2.

For the reasons that follow, Cottle's Petition will be dismissed.

---

[5] Although Cottle questions this Court's jurisdiction in an effort to survive procedural default, jurisdiction is not seriously in issue. *See United States v. Forrest*, 429 F.3d 73, 78 (4th Cir. 2005) (affirming Congress's authority to enact 18 U.S.C. §§ 2251 and 2252A, noting: "Just as Congress rationally concluded that demand might draw homegrown marijuana into interstate markets, thereby frustrating the federal interest in eliminating commercial transactions in the interstate market in their entirety, so too might Congress rationally fear that homemade child pornography would find its way into interstate commerce . . . . Indeed, this concern is especially salient in the context of child pornography, because much of the material traded on that interstate market is homemade.") (Internal quotations omitted).

## II. Discussion

Pursuant to 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence" if the petitioner shows "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."

Collateral attack is not a substitute for direct appeal; failure to raise certain issues on direct appeal may render them procedurally defaulted on post-conviction review. *United States v. Frady*, 456 U.S. 152, 165 (1982); *accord Bousely v. United States*, 523 U.S. 614, 630 (1998). As a general rule, a petitioner who fails to raise a claim on direct appeal is barred from raising the claim on collateral review. *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350-51 (2006).

However, constitutional claims that could have been raised on direct appeal, but were not, may be raised in a § 2255 motion if "cause" and "actual prejudice" are shown, *Frady*, 456 U.S. at 167-68, or "actual innocence" is shown. *Bousely*, 523 U.S. at 621; *see United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). Cause for a procedural default must turn on something external to the defense, such as the "novelty of the claim" (*i.e.*, a subsequent change in the law) or a denial of effective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *accord United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). Prejudice requires the error to have caused "actual and substantial disadvantage." *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997).

One well-recognized basis for relief under § 2255 is a violation of the Sixth Amendment right to effective assistance of counsel. *See generally Missouri v. Frye*, ____ U.S. ____, 132 S. Ct. 1399 (2012); *Lafler v. Cooper*, ____ U.S. ____, 132 S. Ct. 1376 (2012); *Padilla v. Kentucky*,

559 U.S. 356 (2010). To challenge successfully a sentence of imprisonment under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). *See Chaidez v. United States*, ____ U.S. ____, 133 S. Ct. 1103, 1107–8 (2013); *Lafler*, 132 S. Ct. at 1384; *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *see, e.g., United States v. Baker*, 719 F.3d 313, 318 (4th Cir. 2013).

First, the petitioner must show that counsel's performance was not "within the range of competence normally demanded of attorneys in criminal cases," *Strickland*, 466 U.S. at 687, and was "below an objective standard of reasonableness," measured by "prevailing professional norms." *Id.* at 688. "Keenly aware of the difficulties inherent in evaluating counsel's performance, the Supreme Court has admonished that courts 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Lawrence v. Branker*, 517 F.3d 700, 708 (4th Cir. 2008) (quoting *Strickland*, 446 U.S. at 689).

Second, the petitioner must show that counsel's deficient performance "prejudiced [his] defense." *Id.* at 687. To satisfy the "prejudice prong," a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 697; *see Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (stating that, under the second prong, the petitioner must prove that the "result of the proceeding was fundamentally unfair or unreliable").

An attorney's failure to file an appeal, when expressly directed by his client to do his, is per se ineffective assistance of counsel. *Evitts v. Lucey*, 469 U.S. 387, 391-405 (1985). However, Cottle does not allege that he received ineffective assistance of counsel. Nor does he allege that he directed his attorney to file an appeal.

To establish "cause" based on a subsequent change in the law, the "state of the law must have been such that the legal basis for the claim was not reasonably available when the matter should have been raised." *Mikalajunas*, 186 F.3d at 493. Cottle does not assert that the law has changed since his sentencing. Rather, Cottle argues that the law is an unconstitutional overreach of Congress's power.

Even assuming, *arguendo*, that there is merit to this argument, Cottle was required to raise it at trial or on appeal. As indicated, collateral attack is not a substitute for appeal. *Frady*, 456 U.S. at 165. Because Cottle does not establish cause for a procedural default, I need not determine whether that cause resulted in actual prejudice. *See Pettiford*, 612 F.3d at 280 n.9 ("Because we find that [Petitioner] cannot show cause, we need not determine whether [Petitioner] has shown sufficient prejudice.").

As indicated, actual innocence may provide grounds for relief under § 2255. To show "actual innocence" a petitioner must demonstrate "actual factual innocence of the offense of conviction, *i.e.*, that petitioner did not commit the crime of which he was convicted[.]" *Id.* at 494; *accord Pettiford*, 612 F.3d at 282. Nowhere in his Petition or in his Reply does Cottle assert that he did not engage in the conduct embodied in Counts One and Three. Rather, he presents a legal challenge, requesting that this Court "vacate his conviction for Count One . . . because the court applied 18 U.S.C. § 2251(a) unconstitutionally to the defendant's **intra**state production of child pornography." *Id.* at 7 (emphasis in original).

The substance of Cottle's argument is that Congress lacks the power to regulate the production of child pornography, and therefore he could not be guilty, as a matter of law. This argument is without merit.

*United States v. Forrest*, 429 F.3d 73 (4th Cir. 2005), is dispositive.  There, the defendant was convicted of production and possession of child pornography, under 18 U.S.C. §§ 2251(a) and 2252(A)(a)(5)(b).  On appeal, the defendant argued that "Congress's Commerce Clause authority does not extend to his private, intrastate production and possession of child pornography. . . .  *Id.* at 75-76.  He claimed his activity "did not substantially affect interstate commerce."  *Id.* at 77.

The Fourth Circuit concluded that these statutes were valid exercises of Congressional power under the Commerce Clause.  *Forrest*, 429 F.3d at 78.  The Court relied upon the Supreme Court's decision in *Gonzalez v. Raich*, 545 U.S. 1 (2005).

In *Raich*, the Supreme Court determined that Congress was empowered by the Commerce Clause to regulate purely local intrastate activities—in that case, the intrastate marijuana industry—"so long as they are part of an 'economic class of activities that have a substantial effect on interstate commerce.'"  *Forrest*, 429 F.3d at 78 (quoting *Raich*, 545 U.S. at 17).  As the Fourth Circuit pointed out, "the [Supreme] Court emphasized [that] Congress needs only a rational basis for concluding that such local activities substantially affect interstate commerce."  *Forrest*, 429 F.3d at 78.  Indeed, the *Forrest* Court noted that the concern that "prohibition of mere local possession of the commodity was essential to the regulation of an established, albeit illegal, interstate market" is "especially salient in the context of child pornography, because much of the material traded on that interstate market is homemade."  *Id.* (internal citations and quotation marks omitted).  The Fourth Circuit observed that while "Congress need not make findings as to the effect of local activities on the interstate market before it regulates," Congress had in fact done so with respect to the statutes criminalizing possession and production of child pornography.  *Id.* at 78-79.

Four years later, in *United States v. Malloy*, 568 F.3d 166, 180 (4th Cir. 2009), the Fourth Circuit reiterated that 18 U.S.C. § 2251(a) is a valid exercise of Congressional power under the Commerce Clause.  And, the Fourth Circuit is in accord with several other circuits that have addressed the issue.  The *Malloy* Court cited cases from the Ninth, Seventh, D.C., Eleventh, Sixth, and Tenth circuits, which, since *Raich*, have uniformly upheld under the Commerce Clause the constitutionality of child pornography statutes in cases of purely intrastate possession or production.  *Id.* at 179.

### III.  Conclusion

Because Cottle neither shows cause for procedural default nor asserts that he is actually innocent of the offenses of conviction, and because he is not entitled to relief on the merits, his Petition will be dismissed.

Under Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, no Certificate of Appealability shall be issued, because Cottle has not made a substantial showing of the denial of a constitutional right.  *See Tennard v. Pretke*, 542 U.S. 274, 282 (2004).

Date: April 14, 2015                       /s/
                                                   Ellen Lipton Hollander
                                                   United States District Judge